\*JANE VAN HORNE, APPELLANT, *v.* JACOB FRANCE, RESPONDENT.

*Substitution — when one of several devisees may be substituted by the General Term as plaintiff in an action of ejectment, upon the death of the testator, during the pendency of the appeal.*

On March 24, 1881, pending an appeal from a judgment in favor of the defendant in an action of ejectment, and from an order denying a motion for a new trial therein, the plaintiff died leaving as her heirs-at-law, a son, a daughter, and four children of a deceased daughter, all of them being of full age. She appointed her son the executor of her will and devised to him and her daughter all her real and personal estate, except one article of the latter. In January, 1882, the defendant procured from the General Term an order returnable there at the September term, requiring the heirs and devisees to show cause why the judgment and order should not be affirmed. Upon the return day none of the heirs or devisees except the son appeared. He showed that an unsuccessful attempt had been made to have himself and sister substituted as plaintiffs, claimed to be entitled to an undivided half of the property under a contract made with the deceased testatrix, and sought to be substituted as plaintiff in the action. The sister declined to assert any claim to the property.

*Held*, that in so far as the rights of the son to the undivided share claimed under the contract with the testatrix were concerned, they could not be considered upon the motion.

That as the sister did not apply for substitution the judgment and order should be affirmed as to her undivided half of the property.

That as to the other undivided half the son should be substituted as plaintiff upon payment of costs and disbursements.

---

\* JANE VAN HORNE, RESPONDENT, *v.* WILLIAM CAMPBELL AND OTHERS, APPELLANTS.

LEARNED, P. J. :

This case is similar to the preceding. It is an action of ejectment. A trial was had and a verdict recovered for the plaintiff for one-quarter of the land. The defendant paid the costs and had a second trial before the court without a

\* Decided May term, 1883.

MOTION for an order affirming a judgment in favor of the defendant and for an order denying a motion for a new trial, brought on by an order to show cause.

*F. Fish*, for the appellant.

*Daniel Yost*, for the respondent.

LEARNED, P. J.:

This is an action of ejectment, in which a verdict was rendered for the defendant October 5, 1875, and a judgment thereon perfected November 29, 1875. An appeal was taken in November, 1875, from that judgment, and from an order denying a new trial. About March 24, 1881, the plaintiff died, the appeal not having been heard, leaving heirs — a son, a daughter, and four children of a deceased daughter — all of full age. The deceased left a will, which has been proved and recorded as a will of real and personal estate, her son, Giles H. F. Van Horne, being named as sole executor. By that will, with the exception of one article of personal estate, she left all her real and personal estate to her son Giles, and her daughter Catalina Bell.

Giles H. F. Van Horne also claims to be the owner of the

---

jury. A decision was rendered December 26, 1878, for the recovery of the land and $102 for the rents and profits. Judgment was perfected April 22, 1879, for the recovery of the land, the rents and profits and the costs. An appeal was taken by the defendants November 13, 1879, which is still pending. In other respects the facts are like those in the former case.

The defendants now move on the same proceedings as in the former case under section 1298, that the judgment be reversed. The plaintiff's successor asks, as before, for substitution.

We think that the neglect of the plaintiff's successor to obtain substitution, pending the six months, does not prevent us from granting it now. Possibly, as said in *Brokaw* v. *Brokaw* (5 Week. Dig., 267), the order might have been returnable at Special Term. But we have jurisdiction.

The defendants urge, in addition to what was said in the other case, that if Giles H. F. Van Horne be substituted in the judgment and the judgment should then be affirmed on argument, he would have a recovery for the whole property, while he is devisee of only one undivided half, and Mrs. Bell does not make any claim to the other. Further, the defendants say that, as to his rights under the contract, they have not been heard and cannot be precluded.

As we said before, his rights under the contract are not here to be considered. The question is where has the title gone, by reason of the death of Jane Van Horne. Plainly it has gone, one-half to him and one-half to Catalina Bell. The

undivided half of said premises, by virtue of a contract made with Jane Van Horne in her lifetime.

On an affidavit stating the foregoing matters, the defendant obtained an order at General Term, January 26, 1882, under section 1298, Code of Civil Procedure, requiring these heirs and devisees of the deceased to show cause, at the General Term, to be held in September, 1882, why the judgment and order denying a new trial should not be affirmed, and directing the mode of giving notice. On the return day of that order proof was made of its service as required, and also proof that no parties had been substituted. And the defendant moved that the judgment and order be affirmed.

In opposition, Giles H. F. Van Horne appeared by counsel, and no other one of the heirs or devisees appeared. He produced an affidavit and a notice of motion to substitute himself as plaintiff and Catalina Bell as plaintiff or defendant, in the place of Jane Van Horne, deceased, with proof of service of the same on Catalina Bell, and on the four other heirs above referred to. The affidavit, after setting forth the proceedings in the case, as above mentioned, and an unsuccessful attempt by him to procure substitution of himself and Catalina Bell, alleges that the will of Jane Van Horne devises the property to him and Catalina in equal parts, and that he

equities under the contract are probably the same as they were before the death, and are not affected by the death. This is not the place to try them.

One undivided half then has fallen by will to him. If he has any contract which entitles him to a half of Catalina Bell's share, he must look to her for his remedy on the contract.

The counsel for Mr. Van Horne asks that Catalina Bell be made a party defendant if not plaintiff. (Code Civil Pro., 448.) But that would not be proper. Her rights and his are entirely separate. She is not united in interest with him. If Mrs. Van Horne had devised one *divided* half of the land to him and the other to Catalina Bell, clearly each could have sued for his or her separate share. So it is, although the interests are undivided. They are not joint. Catalina Bell can release her claim without affecting the title which Mr. Van Horne has acquired by the will.

We think, therefore, as in the other case, that the judgment must be reversed as to the undivided half of the land which came to Catalina Bell by the will, and as to one-half of the rents and profits. Then the judgment being reversed and Mrs. Bell refusing to substitute herself, the action as to that undivided half must abate. (Sec. 761.)

As to the other undivided half which came by will to Mr. Van Horne, he must be substituted as plaintiff upon the same terms as stated in the previous case.

is also the owner of an undivided half of the premises, by virtue of a contract in writing made by Jane Van Horne in her lifetime.

The defendant now insists that, as the substitution was not made before the return day, the judgment should be affirmed. The plaintiff urges that the substitution should now be made.

The defendant further objects to this that Mrs. Bell declines to assert any claim; that under the will Giles H. F. Van Horne has only one-half of the estate which Mrs. Van Horne had; that, if he claims under the contract with Mrs. Van Horne, the defendant has had no opportunity to try the validity of that contract.

Now, with the alleged interest of Giles H. F. Van Horne under his contract we have nothing to do. All that we have to look to is the substitution of the person or persons who, by the death of Jane Van Horne, succeeded. Giles H. F. Van Horne did not succeed by the death of Jane Van Horne to the alleged rights under his contract, and the party defendant is not to be embarrassed by that. For aught that appears the alleged contract was made before the action was commenced. And it is not alleged that it was a transfer of the title.

If the judgment should be reversed and a new trial granted, of course on such new trial Giles H. F. Van Horne will have to prove his legal title; and apparently this contract shows no legal title whatever.

Catalina Bell does not desire to litigate the action further. Therefore the judgment and order must stand affirmed as to the undivided half of the premises devised to her by the will.

As to the other undivided half devised to Giles H. F. Van Horne, he must be substituted on terms. He was guilty of laches in not moving for substitution at an early day. He should pay ten dollars costs of motion in January term, ten dollars costs September term, and the necessary expenses of serving papers on the heirs, to be adjusted by the clerk of Montgomery county. Unless the costs and disbursements are paid within five days after adjustment and notice to him or to his attorney, the judgment and order to be affirmed, also as to him and his share.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment affirmed, with costs.